IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janreica Wittrell, | ) | |
| | ) | Civil Action No. 0:11-1333-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner or Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion for attorney's feels pursuant to 42 U.S.C. § 406(b). Beatrice E. Whitten ("Whitten"), counsel for Janreica Wittrell ("Wittrell"), seeks attorney's fees for services rendered in this social security action in the total amount of $15,346.92. That amount includes a prior EAJA fee award of $2,234.76, twenty-five percent of Wittrell's past-due benefit award ($11,658.50), and twenty-five percent of what Whitten calculates the Social Security Administration ("SSA") still owes her client in family auxiliary benefits ($3,688.42). Both parties acknowledge that Whitten must subtract her EAJA fee award from the total and return it to her client. That leaves Whitten with $13,112.16.

However, the Commissioner objects to Whitten's request for fees on family auxiliary benefits that the SSA has not yet awarded Wittrell. Whitten contends that Wittrell is eligible for and due the benefits, but the SSA has failed to process the claim. This may be, but the court is unaware of, and Whitten fails to present, legal authority allowing it to award fees on an unawarded benefit. Nor would such an award keep with the spirit of the Social Security Act or the contingent fee structure, which both provide for attorney's fees only after the client has

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

received the benefit from which those fees are deducted. Accordingly, the court denies Whitten's request for attorney's fees from Wittrell's unawarded auxiliary benefits. Should the SSA award those benefits in the future, Whitten may petition the court for attorney's fees at that time.

Thus, after subtracting the EAJA fee award and the auxiliary benefit award, Whitten is owed $9,423.74 in attorney's fees. The Commissioner does not object to that amount and the court finds it reasonable. The court, therefore, grants Whitten's motion for attorney's fees in part, denies it in part, and authorizes fees in the amount of $9,423.74.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

May 3, 2013
Anderson, South Carolina